UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARK ANTHONY ANDERSON,

                Plaintiff,

      - against -

THE CITY OF NEW YORK and ERIC ADAMS,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5645 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

On August 11, 2025, Plaintiff Mark Anthony Anderson filed this action *pro se*, seeking damages after he slipped and fell while leaving a public housing shelter, injuring his ankle. (Compl., Dkt. 1, at 5.)[1] He sues the City of New York and New York City Mayor Eric Adams. (*Id.* at 3.) On October 8, 2025, the action was transferred from the United States District Court for the Southern District of New York to this Court. (Dkt. 5.) Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons that follow, this action is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

On June 1, 2025, Plaintiff slipped and fell down two flights of stairs at the Bedford-Atlantic Armory shelter located at 1322 Bedford Avenue, Brooklyn, New York. (Compl., Dkt. 1, at 5.) There were no wet floor signs to warn Plaintiff that the floors had been recently cleaned. (*Id.*) As a result of his fall, "[Plaintiff's] ankle is badly twisted and in immense pain." (*Id.* at 6.) He states

---

[1] For the purposes of this Memorandum and Order, the Court assumes that the factual allegations in the Complaint are true.

that he filed a grievance but has not received a response from the shelter. (*Id.* at 5.) Plaintiff seeks monetary damages. (*Id.* at 6.)

## LEGAL STANDARD

The subject-matter jurisdiction of the federal courts is limited. Federal subject-matter jurisdiction exists "only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Moore v. Angiuli & Gentile, LLP*, No. 12-CV-2966 (DLI) (LB), 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). If the Court lacks subject-matter jurisdiction, it must dismiss the action. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009); Fed. R. Civ. P. 12(h)(3). Lack of subject-matter jurisdiction cannot be waived, and it can be raised at any time by a party or by the Court on its own. *Arbaugh*, 546 U.S. at 514.

When considering dismissing a case for lack of subject-matter jurisdiction, the Court "accept[s] as true all material factual allegations in the complaint." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004); *Blecher v. Holy See*, 146 F.4th 206, 216 (2d Cir. 2025). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))).

Nonetheless, a *pro se* plaintiff still bears the burden of proving, by a preponderance of the evidence, that the Court has subject-matter jurisdiction. *See Martin v. United Bridge Capital, LP*, No. 21-1790-CV, 2022 WL 2166399, at *2 (2d Cir. June 16, 2022) (summary order) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Logan v. Town of Windsor, New York*, 833 F. App'x 919, 920 (2d Cir. 2021) (summary order) (citing *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019)). And "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing [can] not [be] made by drawing from the pleadings inferences favorable to the party asserting it." *Ship. Fin. Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

## DISCUSSION

According to the Complaint, the asserted basis for subject-matter jurisdiction in this case is federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Compl., Dkt. 1, at 2.) A plaintiff properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "a well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted). However, a constitutional claim in and of itself is insufficient to confer jurisdiction where such a claim is a state law claim "recloaked in constitutional garb." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

Although Plaintiff asserts that his constitutional rights under the First and Fourteenth Amendments have been violated, (Compl., Dkt. 1, at 2), his action is essentially a tort claim for injuries sustained during a slip-and-fall. *Eley v. New York City Transit Auth.*, No. 14-CV-6886 (PKC), 2014 WL 6983452, at *2 (E.D.N.Y. Dec. 10, 2014). His claim arises under state, not federal, law. *See id*; *Banks v. Constantine*, No. 12-CV-3239 (JG) (RER), 2012 WL 2803616, at *2

3

(E.D.N.Y. July 10, 2012) ("Any negligence claim against the City of New York in connection with [plaintiff's] slip-and-fall accidents does not arise under federal law." (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Daniels v. Williams*, 474 U.S. 327, 328 (1986))).  As Plaintiff has not raised an issue arising under federal law, his claim against Defendants does not satisfy 28 U.S.C. § 1331.

The Court also considers whether Plaintiff's action might satisfy 28 U.S.C. § 1332, diversity jurisdiction.  To satisfy that standard, the parties in the action would have to be citizens of different states.  28 U.S.C. § 1332.  Here, diversity of citizenship is lacking because all parties reside or exist in New York.  (Compl., Dkt. 1, at 3–4.)

The Court therefore lacks subject-matter jurisdiction to consider Plaintiff's Complaint.  Though the Court would ordinarily allow Plaintiff an opportunity to amend his pleading, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it declines to do so here because it is clear that the facts alleged in the Complaint cannot form the basis for this Court's subject-matter jurisdiction.  Therefore, amending the Complaint would be futile.  *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming district court's dismissal of *pro se* complaint without leave to replead when "the problem with [plaintiff's] causes of action is substantive" and "[r]epleading would thus be futile").

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted.  Plaintiff's Complaint is dismissed because the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United*

5

*States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court advises Plaintiff that the City Bar Justice Center offers a free legal hotline, which is staffed by attorneys who can assist with civil legal issues, and Plaintiff can speak to one of those attorneys by calling (212) 626-7383 on Mondays through Thursdays from 10:00 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m., and on Fridays from 9:00 a.m. to 12:00 p.m.

                                            SO ORDERED.

                                        */s/ Pamela K. Chen*
                                        Pamela K. Chen
                                        United States District Judge

Dated: November 5, 2025
       Brooklyn, New York